**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:

James M. Smith,                                              Case No. 16:17-bk-05943-CCJ
                                                             Chapter 7
　　　　Debtor.
_____/

## MOTION FOR RELIEF FROM STAY

> NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within **21** days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at, **400 West Washington Street, Suite 5100, Orlando, Florida 32801**, and serve a copy on the movant's attorney, **Massey Law Group, P.A., P.O. Box 262, St. Petersburg, Florida 33731-0262**, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

REGIONS BANK, as successor in interest to AmSouth Bank, hereby moves for relief from the automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(d), Rule 4001, *Federal Rules of Bankruptcy Procedure*, and Local Rule 4001-1, and in support thereof would show:

1. On January 13, 2003, AmSouth Bank made a loan to James Smith and Loree Smith ("**Borrowers**") in the initial principal amount of $65,000.00 ("**Loan**"), secured by real property located at 421 S. Atlantic Avenue, Unit 305, New Smyrna Beach, Florida 32169 (the "**Property**").

2. The Property is owned by the debtor, James Smith, and has an assessed value of $255,905.00 according to the Volusia County, Florida Property Appraiser:

http://publicaccess.vcgov.org/volusia/datalets/datalet.aspx?mode=volusia_values&sIndex=0&idx=17&LMparent=20

3. The Chapter 7 Trustee has abandoned the Property as having an inconsequential value to the bankruptcy estate (Doc. No. 25).

4. The Loan was, is, and shall continue to be codified and secured by the following instruments:

    (a) a Credit Agreement and Disclosure, dated January 13, 2003, executed and delivered to AmSouth Bank by Borrowers in the initial principal amount of $65,000.00; and

    (b) a Mortgage, dated January 13, 2003, executed and delivered to AmSouth Bank by Borrowers, the original of which was recorded in Official Records Book 5009, Page 2906, of the Public Records of Volusia County, Florida ("**Mortgage**"), a copy of which is attached hereto as **Exhibit "A."**

5. On March 31, 2006, Borrowers requested and AmSouth Bank granted an increase to the principal amount of the Loan. Specifically, the principal amount of the Loan was increased to $250,000.00 ("**Modified Loan**").

6. The Modified Loan was, is, and shall continue to be codified and secured by the following instruments:

(a) a Credit Agreement and Disclosure Change in Terms Agreement, dated March 31, 2006, executed and delivered to AmSouth Bank by Borrowers in the initial principal amount of $250,000.00 ("**Note**"), a copy of which is attached hereto as **Exhibit "B;"** and

(b) a Modification of Mortgage, dated March 31, 2006, executed and delivered to AmSouth Bank by Borrowers, the original of which was recorded in Official Records Book 5826 at Page 1430 of the Public Records of Volusia County, Florida ("**Mortgage Modification**"), a copy of which is attached hereto as **Exhibit "C."**

[The instruments referenced in paragraphs 4(a) and 4(b) and 6(a) and 6(b), are hereinafter collectively referred to as the "**Loan Documents**".]

7. As of November 3, 2006, AmSouth Bank merged with Regions Bank. AmSouth Bank, as the original lender, owned and held the Loan Documents. The Loan, as modified, and Loan Documents had not been transferred to any other entity since origination. As a result of the merger with AmSouth Bank, Regions Bank acquired all of AmSouth Bank's assets, including the Loan Documents that are the subject of this action. The Loan, as modified, and Loan Documents have not been the subject of any transfer, sale, or assignment. A copy of the Certificate of Merger of AmSouth Bank and Regions Bank is attached hereto as **Exhibit "D."**

8. Regions Bank is the holder of the original Note secured by the Mortgage, as modified.

9. Borrowers have failed to make and deliver to Regions Bank the principal and interest payment that became due under the Loan Documents on July 3, 2019, and thereafter.

10. Borrowers owe Regions Bank the principal sum of **$237,615.20**, plus accrued interest, late charges, additional interest, attorneys' fees and the other expenses payable under the

Loan Documents. As of the date of this motion, Loan balance is $252,786.34, exclusive of attorneys' fees and costs.

11. Regions Bank moves for in stay relief to pursue remedies under the Loan documents due to lack of adequate protection resulting from the ongoing default on the Loan and lack of equity in the Property by the Debtor and the bankruptcy estate.

12. Once the stay is lifted, Debtor will have minimal motivation to insure, preserve or protect the Collateral; therefore, it is proper for this Court to waive the 14-day stay period set forth in Bankruptcy rule 4001(a)(3) so that Regions Bank may immediately enforce and implement any order granting the relief requested herein.

13. Regions Bank has retained the undersigned attorneys to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services. Regions Bank's attorneys' fees and costs may be recoverable pursuant to state law and the Loan Documents.

WHEREFORE, Regions Bank prays that that the Court enter an order granting Regions Bank relief from the Automatic Stay to permit Regions Bank to take possession of the Property, granting relief from the 14-day stay period so as to permit the Regions Bank to immediately enforce the relief requested herein, and for such other and further relief as is just and proper.

/s/ *Starlett M. Massey*
Starlett M. Massey
Florida Bar No. 44638
smassey@masseylawgrouppa.com
**Massey Law Group, P.A.**
PO Box 262
St. Petersburg, FL 33731
(813) 868-5601 (Tel)
**Attorneys for Creditor, Regions Bank**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing Motion for Relief from Automatic Stay either by electronic or standard first-class mail to the parties listed below on this November 22, 2019.

/s/ *Starlett M. Massey*
Starlett M. Massey

| | | |
|---|---|---|
| *Debtor*<br>**James M Smith**<br>PO Box 521138<br>Longwood, FL 32752 | represented by | **Peter N Hill**<br>Herron Hill Law Group, PLLC<br>135 West Central Boulevard, Suite 480<br>Orlando, FL 32801 |
| *Trustee*<br>**Emerson C Noble**<br>Post Office Box 622798<br>Oviedo, FL 32762-2798 | represented by | **John H Meininger, III**<br>John H Meininger III PA<br>Post Office Box 1946<br>Orlando, FL 32802 |

*U.S. Trustee*
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801